UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENDRICK DEON LOVETT,

     Applicant,

v.                         CASE NO. 8:24-cv-531-SDM-AEP

STATE OF FLORIDA,

     Respondent.

_____/


**<u>ORDER</u>**

Lovett, a pre-trial detainee in the Hernando County jail, applies under 28 U.S.C. § 2241 for the writ of habeas corpus.  Under Section 2241(c), "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ."  Lovett requests both his immediate release and the dismissal of his pending criminal charges because he is allegedly held under an invalid information and not an indictment.  The application lacks merit for two reasons.

First, Lovett has no constitutionally protected right to be charged under a grand jury indictment and not a prosecutor's information.  "Although the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury."  *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972).  *Accord Duncan v. Louisiana*, 391 U.S. 145, 149 n.14 (1968) (recognizing that the right to a grand jury is not binding on the states); *Grim v.*

*Sec'y, Fla. Dep't of Corr.*, 705 F.3d 1284, 1287 (11th Cir. 2013) ("[I]n rejecting Grim's Indictment Clause claim, the Florida Supreme Court did not hand down a decision "contrary to" a Supreme Court holding.").

Second, the essence of the Lovett's request is for this district court to intervene into a pending state criminal proceeding.  Generally, the "abstention doctrine" bars federal intervention into an ongoing state court proceeding.  "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."  *Younger v. Harris*, 401 U.S. 37, 45 (1971).  The breadth of *Younger's* caution against federal intervention is explained in *Allee v. Medrano*, 416 U.S. 802, 836, 838 (1974):

> To meet the *Younger* test [and warrant federal intervention, an applicant] must show manifest bad faith and injury that is great, immediate, and irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and resulting in a deprivation of meaningful access to the state courts. . . .  A federal court must be cautious, however, and recognize that our criminal justice system works only by according broad discretion to those charged to enforce laws.
>
>  . . . .
>
> Unless the injury confronting a state criminal defendant is great, immediate, and irreparable, and constitutes harassment, the prosecution cannot be interfered with under *Younger*. The severity of the standard reflects the extreme reluctance of federal courts to interfere with pending state criminal prosecutions.

*Accord Lawrence v. Miami-Dade State Attorney*, 272 F. App'x 781, 781–82 (11th Cir. 2008) ("[A] federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances.").  Lovett presents no compelling reason to intervene in state court.

- 2 -

The application for the writ of habeas corpus (Doc. 1) is **DENIED**.  The clerk must enter a judgment against Lovett and close this case.

**DENIAL OF BOTH**
**CERTIFICATE OF APPEALABILITY**
**AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Lovett is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Lovett must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because Lovett cannot proceed under Section 2241, Lovett is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**.  Leave to appeal in forma pauperis is **DENIED**.  Lovett must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 7, 2024.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE